**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DENNIS J. TURNER,<br><br>Petitioner,<br><br>v.<br><br>SUPERINTENDENT,<br><br>Respondent. | Case No. 3:16-CV-147 JVB |

**OPINION AND ORDER**

Dennis J. Turner, a pro se prisoner, filed a habeas corpus petition challenging his guilty plea and three-year sentence for residential entry on February 18, 2011, by the Boone Superior Court under cause number 06D01-0712-FB-152. However, habeas corpus petitions are subject to a strict one-year statute of limitations, and this petition is untimely.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In response to question 16 asking him to explain why the petition is timely (which includes the text of the statute quoted above), Turner wrote, "Petitioner filed his petition for Post-Conviction Relief no more than one year from the time which the factual predicate of the claim presented could have been discovered through the exercise of due diligence." (DE 1 at 5.) To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001).

The only ground raised by Turner is that his counsel was ineffective for advising him "to plead guilty to charge of Residential Entry four (4) years after charges were filed. No evidence of guilt was presented by the State of Indiana during pre-trial stage of proceedings." (DE 1 at 3.) Though he may not have understood their legal significance, all of the facts necessary for this claim were known by Turner when he pleaded guilty. As the Seventh Circuit explained in *Owens*:

> If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

*Id.*

Thus, 28 U.S.C. § 2244(d)(1)(D) is not applicable to this case. Because nothing in the petition indicates that this claim is based on a newly recognized constitutional right or that a

state-created impediment prevented him from filing this petition sooner, 28 U.S.C. § 2244(d)(1)(B) and (C) are not applicable to this case either.

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence. Turner pleaded guilty and did not take a direct appeal. The deadline for doing so expired on March 21, 2011. *See* Indiana Rules of Appellate Procedure 9.A.(1) and 25.A. Thus the first day of the one-year period of limitation began on March 22, 2011. It expired a year later on March 22, 2012. Because this habeas corpus petition was not signed until March 8, 2016, it is nearly four years late.

Turner filed a post-conviction relief petition in May 2013. Had he filed it on or before March 22, 2012, it would have tolled the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). However, once the deadline expired, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because this habeas corpus petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural

grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the Court:

(1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** a certificate of appealability;

(3) **DENIES** leave to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3) because an appeal in this case could not be taken in good faith; and

(4) **DIRECTS** the Clerk to close this case.

**SO ORDERED** on January 23, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE